IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLIE HOBELMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-3066-C-BN |
| | § | |
| SIGNATURE POINTE ON THE LAKE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Hollie Hobelman filed a *pro se* action against her former employer, alleging violations of Title VII of the Civil Rights Act of 1964 (based on sex), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). *See* Dkt. No. 3. Her case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. And the Court has granted Hobelman leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 7.

The facts supporting her Title VII, ADEA, and ADA claims are in full:

> Management at Signature Pointe on the Lake, of Dallas, Texas, neglected their duty to protect me from harassment of a patient family member. I was repeatedly accosted by the patient member all the while telling my superiors, going up the chain of command. This was met with the administrator, Blake, stating "it is your word against his." He also stated, "he was not going to transfer the patient or ask the family member not to come back." He then asked how I wanted to proceed and I told him I cannot not work here if he was unwilling to protect me. He said OK. I am asking for $150,000 for lost wages and mental anguish based on fear of continued aggression.

Dkt. No. 3 at 1.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Hobelman's complaint for failure to state a claim without prejudice to her filing an amended complaint within a reasonable time to be set by the Court.

### Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And, under either Section 1915(e)(2)(B)(ii) or Rule 12(b)(6), dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.")).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *cf. Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court ... create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

## Analysis

Because Hobelman asserts that her former employer violated Title VII, the ADEA, and the ADA, stating a discrimination claim under these statutes requires that she allege the following *prima facie* elements: that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL*

*Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

And, "[i]n the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

Regarding such claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the *prima facie* test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). But *Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The initial question for the Court, then, is whether Hobelman has provided enough facts to allege that she suffered actionable discrimination or retaliation in the workplace. *See Swierkiewicz*, 534 U.S. at 512-13. And, if she "has not pled such facts," it is "proper[ to] dismiss her complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766-67 (5th Cir. 2019) (noting

that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Here, Hobelman has not alleged facts to show that she suffered discrimination or retaliation *because of* her sex (under Title VII), *because of* her age (under the ADEA), or *because of* a disability (under the ADA). She has therefore not provided facts that allege that she has an actionable claim under any statute that she cites.

Further, because she does allege "sexual harassment," Dkt. No. 3 at 1, the facts that Hobelman does allege could raise a claim based on a hostile work environment, *see id.* (further alleging that the employer "neglected [its] duty to protect [her] from harassment of a patient family member," who "repeatedly accosted" her and refused "to transfer the patient or ask the family member not to come back" (internal quotation marks omitted)).

Where, like here, the alleged harasser is not "a supervisor with immediate (or successively higher) authority over the employee," *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999),

> [a] hostile work environment claim requires the a plaintiff to show the following: (1) the employee belongs to a protected group; (2) the employee was subject to harassment; (3) the harassment complained of was based upon the employee's belonging to a protected group; (4) the harassment complained of affected a term, condition, or privilege of employment, and; (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.

*Cunningham v. Advantix Digital, LLC*, No. 3:19-cv-210-G, 2020 WL 1915693, at *11 (N.D. Tex. Apr. 20, 2020) (citing *Watts*, 170 F.3d at 509).

"Claims of sexual harassment typically involve the behavior of fellow employees. But not always. Because the ultimate focus of Title VII liability is on the employer's conduct – unless a supervisor is the harasser, a plaintiff needs to show that the employer knew or should have known about the hostile work environment yet allowed it to persist." *Gardner v. CLC Pascagoula, L.L.C.*, 915 F.3d 320, 321-22 (5th Cir. 2019) (citations omitted).

> [And] Title VII does not prohibit all harassment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). It makes harassing conduct unlawful when it results in the employer "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Meritor*, 477 U.S. at 64-67. This statutory language "is not limited to 'economic' or 'tangible' discrimination." *Id.* at 64. Instead, "the phrase 'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris*, 510 U.S. at 21 (quoting *Meritor*, 477 U.S. at 64). Title VII is violated "when the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' ... that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.*; *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). The Supreme Court set the "severe or pervasive" standard as a "middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." *Harris*, 510 U.S. at 21. A plaintiff "must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).

*Id.* at 325.

In addition to failing to explicitly allege the basis for the complained of harassment – *i.e.,* her sex; her age; a disability – Hobelman has not provided sufficient factual content to plausibly allege the fourth prong – that the harassment complained

of affected a term, condition, or privilege of employment. Focusing on this element, again,

> [t]he relevant standard ... is whether the sexual harassment is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." The harassment must consist of more than "simple teasing, offhand comments, and isolated incidents (unless extremely serious)." Relevant factors are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."

*Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (citations omitted).

Thus, she has not alleged a plausible claim based on a hostile work environment.

## Recommendation

The Court should dismiss Plaintiff Hollie Hobelman's complaint for failure to state a claim on which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to her filing an amended complaint within a reasonable time to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 28, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE